# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13-cv-00036-FDW

| | |
|---|---|
| LEE EMMETT CHARLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DUDLEY GREEN, McDowell ) | |
| Sheriff; ASA MCNEILLY, ) | ORDER |
| Captain over Jail; BRENDA ) | |
| VAUGHN, Lieutenant over ) | |
| Jail; RICK BUCHANAN, ) | |
| Chief Detective, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint, which is filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, Plaintiff's complaint will be dismissed.

## I. BACKGROUND

At the time he filed his complaint, Plaintiff was detained in the McDowell County jail. In his complaint, Plaintiff presents vague allegations that one or more of the defendants are either stealing inmate mail, improperly handling inmate mail, or failing to take corrective action to address allegations regarding the treatment of inmate mail. For instance, on one occasion in January 2013, Plaintiff contends that he witnessed Defendant Vaughn carry mail towards her office from the women's prisoner tower but he fails to address, or speculate what may have become of that mail.

Plaintiff alleges that many of the letters that were not mailed out of the prison were of a

1

personal nature; some of the mail that was intercepted was legal mail that was addressed to his "attorneys and contained vital privilege[d] information to do with the battle with this corrupt org. for the rest of my life." (1:13-cv-00036, Doc. No. 1-1 at 1). In addition to complaints regarding the mail, Plaintiff alleges that inmates are denied private access to meet with their attorneys and he contends there should be a federal investigation into the practices at the detention facility and ultimately, court-ordered reform.

## II. STANDARD OF REVIEW

District courts are required to review a complaint under Section 1983 when a prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute further provides that "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b)(1) & (2).

In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), this requirement of liberal construction will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III.     DISCUSSION

There is no question that prisoners must have reasonable access to present claims in court. See Bounds v. Smith, 430 U.S. 817, 824-25 (1977). Plaintiff does not, however, make a claim in his complaint that he is being denied all access to the courts, but rather he contends that a couple of unspecified pieces of legal mail were not received by his attorney(s). However, he does not contend that – what may well have been inadvertent errors or omissions in the handling of his legal mail – adversely affected his access to the courts.

In order to show a denial of access to the courts, a prisoner must demonstrate an actual injury or that a defendant's alleged conduct impeded his right to access the courts. See Lewis v. Casey, 518 U.S. 343, 351-52 (1996). After considering Plaintiff's complaint regarding the unspecified legal mail at issue in his complaint, the Court finds that Plaintiff has failed to state a claim under Section 1983. Plaintiff's contention that he suffered actionable injury because some of the personal mail that he was sending, or expecting to receive, fares no better.

Finally, Plaintiff's claim for injunctive relief to reform the McDowell County Sheriff's Department's method of handling legal or personal mail or ensuring unfettered, private access with his attorney(s) will be dismissed because these claims appear to be moot. "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969) (internal citation omitted).

According to the website of the North Carolina Department of Public Safety (DPS), Plaintiff was sentenced to a term of 2-years and 10-months in the custody of the DPS following his conviction for being a felon-in-possession of a firearm in McDowell County. Plaintiff has

3

since been released and his parole terminated. Accordingly, Plaintiff's efforts to enact sweeping reform within the McDowell County jail will be dismissed as moot.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff has failed to state a claim for relief and the complaint will be dismissed. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE**, **ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is respectfully directed to close this civil case.

Signed: July 8, 2015

Frank D. Whitney
Chief United States District Judge